**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PETER J. CEDRONE,

                                      Plaintiff,                     5:25-cv-00226 (BKS/DJS)

v.

CITY OF FULTON, NY, Assessor, and MARY BETH
JOHNSON, City of Fulton, NY Assessor in her Individual
and Official Capacity,

                                      Defendants.

---

**Appearances:**

*Plaintiff Pro Se:*
Peter J. Cedrone
Fulton, NY 13069

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

      Plaintiff pro se Peter J. Cedrone brings this action against Defendants—the City of Fulton and its assessor, Mary Beth Johnson—asserting 42 U.S.C. § 1983 and state law claims stemming from the City's alleged improper assessment of his two properties. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Daniel J. Stewart for an initial review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 72.3(d). On April 8, 2025, Magistrate Judge Stewart granted Plaintiff's motion to proceed in forma pauperis, (Dkt. No. 6), and issued a Report-Recommendation recommending that Plaintiff's § 1983 claims be dismissed, and that the Court decline to exercise supplemental jurisdiction over his state law defamation claim, (Dkt. No. 7, at 5–11). Magistrate Judge Stewart concluded that Plaintiff's Fifth and Fourteenth Amendment

claims were barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, as well as the related comity doctrine, and that the complaint's allegations were insufficient to state a plausible First Amendment claim. (*Id.* at 5–9).

Plaintiff has filed timely objections to the Report-Recommendation. (Dkt. No. 8). For the reasons that follow, the Report-Recommendation is adopted in part.

## II.   STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report[-]Recommendation must be specific and clearly aimed at particular findings in the magistrate [judge]'s proposal . . . ." *Machicote v. Ercole*, No. 06 Civ. 13320(DAB)(JCF), 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

## III.   DISCUSSION

In reviewing the Report-Recommendation, the Court accepts as true the complaint's well-pleaded factual allegations to determine whether Plaintiff has "state[d] a claim to relief that is plausible on its face." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir.

2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (per curiam).

### A.     Plaintiff's Objections

As an initial matter, Plaintiff objects to the Report-Recommendation insofar as it referred to the Town of Fulton, instead of the City of Fulton, where his properties are located. (Dkt. No. 7, at 2; Dkt. No. 8, at 5). Because the complaint alleged that the relevant events took place in the City of Fulton, (*see, e.g.*, Dkt. No. 1, at 3), the Court declines to adopt any reference to the Town of Fulton in the Report-Recommendation.

#### 1.     The Proper Parties

In response to the Report-Recommendation's discussion of the proper parties, Plaintiff clarifies that "[t]he majority of [his] complaint [asserted a] [m]unicipal [l]iability by [c]ustom" claim, and that the "City of Fulton, NY is the municipal entity" he intended to sue. (Dkt. No. 8, at 2). Specifically, he "alleges that [Johnson], enforcing official policy (a policy maker) by custom, in her official capacity, has discriminated against and violated [his] [c]ivil [r]ights." (*Id.*). Johnson, in addition to the "Board of Assessment Review (BAR)[] [and the] Mayor, etc.," Plaintiff continues, were "municipal officials acting in their official capacities who tolerate[d] or acquiesce[d] to the longstanding discriminating custom that is violating" Plaintiff's rights. (*Id.*). Plaintiff further states that he also intended to assert claims against Johnson in her "personal capacity," stemming from "her malicious, reckless, deliberate indifference to" his rights, as well as slanderous statements he alleges she made. (*See id.* at 3).

It appears that Plaintiff seeks to assert (1) claims against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); (2) official-capacity claims against Johnson, the members of the BAR, and possibly the mayor; and (3) individual-capacity claims against Johnson. (*See id.* at 2–3). In light of Plaintiff's clarification, the Court declines to adopt

3

as unnecessary the portion of the Report-Recommendation concluding that the BAR itself could not be sued under § 1983. However, the official-capacity claims against City officials must be dismissed with prejudice as duplicative of Plaintiff's *Monell* claims against the City. *See, e.g.*, *Peck v. Cnty. of Onondaga*, No. 5:21-CV-651, 2024 WL 2111979, at *1, 2024 U.S. Dist. LEXIS 84940, at *2–3 (N.D.N.Y. May 10, 2024) (citing *Dudek v. Nassau Cnty. Sheriff's Dep't*, 991 F. Supp. 2d 402, 413 (E.D.N.Y. 2013)); *see also Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell*, 436 U.S. at 690 n.55)).

### 2. Fifth and Fourteenth Amendment Claims

Plaintiff also objects to the Report-Recommendation's conclusion that his Fifth and Fourteenth Amendment claims are barred by the TIA and related comity principles, (Dkt. No. 7, at 5–8 & n.4), contending that "[t]he TIA does not bar property assessments from being reviewed by the [d]istrict [c]ourts for 'procedural defect' or discrimination of [c]ivil [r]ights." (Dkt. No. 8, at 5–20). He advances several arguments in support of this objection, each of which the Court, reviewing de novo, addresses below.

As the Second Circuit has explained, "[f]ederal courts generally abstain from cases that challenge state taxation schemes on the basis that those claims are more appropriately resolved in state court," *Joseph v. Hyman*, 659 F.3d 215, 218 (2d Cir. 2011), so long as state courts provide "an adequate, speedy, and efficient remedy," *Dorce v. City of New York*, 2 F.4th 82, 98 (2d Cir. 2021) (quoting *Joseph*, 659 F.3d at 220); *see also Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989). Congress "partially codified" this longstanding comity principle in the TIA, *Joseph*, 659 F.3d at 218, which provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.

§ 1341; *see also Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 102–03, 107–11 (1981).

"Congress'[s] intent in enacting the TIA was the prevention of a particular evil; namely, using federal courts as a vehicle to bring suits challenging the validity or amount of a particular tax assessed against an individual person or entity." *Luessenhop v. Clinton Cnty.*, 466 F.3d 259, 266 (2d Cir. 2006). Thus, the Second Circuit has declined to apply the TIA where "taxpayers [were] not attempting to avoid paying state taxes," "contest the government's authority to collect property taxes," or "dispute the assessments or amounts owed." *Id.* at 268. The doctrine of comity, however, "has continuing sway independent of the TIA and bars some cases not barred by the TIA," including those seeking damages. *Dorce*, 2 F.4th at 96–97 (cleaned up); *Long Island Lighting Co.*, 889 F.2d at 431; *see also Levin v. Com. Energy, Inc.*, 560 U.S. 413, 417, 423–24 (2010). The comity principle precludes relief "in suits that contest taxpayer liability in a manner that interferes with a state's administration of its tax system." *Dorce*, 2 F.4th at 98 (quoting *Abuzaid v. Mattox*, 726 F.3d 311, 315 (2d Cir. 2013)).

Here, the Court agrees with Magistrate Judge Stewart that Plaintiff's claims are barred by the TIA and comity principle. Plaintiff argues that he does not "contest[] the municipal tax" or ask the Court "to disrupt state tax administration." (Dkt. No. 8, at 12, 14). But his complaint alleges that his "private properties [were] taxed by the City of Fulton . . . without proper market value determinations" because of Johnson's inaccurate assessment methods. (Dkt. No. 1, at 4). And the primary relief he seeks is reassessment "using true and accurate data collection." (Dkt. No. 8, at 33; *see also* Dkt. No. 1, at 60–64). Plaintiff is thus "challenging the . . . amount of a particular tax" imposed on him, so his claims for equitable relief come within the TIA. *Luessenhop*, 466 F.3d at 266. Likewise, his damages claims arising from the same facts "contest"

5

his "taxpayer liability in a manner that interferes with [the City's] administration of its tax system," so they are encompassed within the comity doctrine. *Dorce*, 2 F.4th at 98; *cf. Greenberg v. Town of Scarsdale*, 477 F. App'x 849, 850 (2d Cir. 2012) (applying the TIA and comity principle to an action seeking "declaratory and injunctive relief, as well as damages pursuant to § 1983, in connection with the assessment of [the plaintiff's] real property for the purpose of collecting taxes on that property").

Plaintiff next argues that, even if the TIA and comity principle apply, New York does not provide him an adequate remedy to redress his federal constitutional claims. (*See* Dkt. No. 8, at 9–17). But the Second Circuit has repeatedly confirmed that New York law "offers several remedies for raising constitutional objections to real property taxes that satisfy the [TIA] and the comity principle." *Pan v. City of Niagara Falls*, No. 23-7513, 2025 WL 1169057, at *2, 2025 U.S. App. LEXIS 9529, at *4 (2d Cir. Apr. 22, 2025) (citing *Long Island Lighting Co.*, 889 F.2d at 431–33); *see Ass'n for Accessible Meds. v. James*, 974 F.3d 216, 221 (2d Cir. 2020); *Abuzaid*, 726 F.3d at 316. "And to the extent that a further individualized inquiry . . . is required," *Glob. Leadership Found. v. City of New York*, No. 22-2095, 2023 WL 3144043, at *1, 2023 U.S. App. LEXIS 10402, at *4 (2d Cir. Apr. 28, 2023)—as Magistrate Judge Stewart noted and Plaintiff now concedes, (Dkt. No. 7, at 6–7; Dkt. No. 8, at 10–11)—Plaintiff raised his constitutional challenges in New York state court via a "hybrid CPLR article 78 and RPTL article 7 proceeding." *See Cedrone v. City of Fulton Assessor's Off.*, 202 N.Y.S.3d 599, 601–02 (4th Dep't 2023), *lv. denied*, 42 N.Y.3d 947 (2024). This Court accordingly cannot exercise jurisdiction over these claims.

Arguing otherwise, Plaintiff points to several Supreme Court decisions, none of which alter the Court's conclusion. (*See* Dkt. No. 8, at 6–8, 11, 13–14, 16–20). The underlying dispute

in *Village of Willowbrook v. Olech* did not involve state taxation, and that decision concerned only the substantive standard for "class of one" equal protection claims. 528 U.S. 562, 563–65 (2000) (per curiam). Similarly, *Allegheny Pittsburgh Coal Company v. County Commissioner of Webster County* is inapposite because, in that case, the action was brought in state court and appealed to the Supreme Court, so there was no occasion to invoke the TIA or comity. 488 U.S. 336, 339–42 (1989). Next, *Rosewell v. LaSalle National Bank* decided only the question of whether a particular state's remedy for contesting property taxes was "'a plain, speedy and efficient remedy' within the meaning of the" TIA. 450 U.S. 503, 505 (1981) (quoting § 1341). So did the relevant portions of the Supreme Court's opinion in *Hillsborough Township v. Cromwell*, 326 U.S. 620, 622–26 (1946). But as discussed above, this Court is bound by the Second Circuit's determination that New York provides a sufficient remedy.

Finally, liberally construed, Plaintiff argues that his action is not barred by the comity doctrine because it is more akin to *Hibbs v. Winn*, 542 U.S. 88 (2004), and distinguishable from *Levin v. Commerce Energy, Inc.*, 560 U.S. at 417. (*See* Dkt. No. 8, at 6–7, 14–16). He is correct that, in determining whether comity applies, the Second Circuit has "consider[ed]" the factors articulated by the Supreme Court in this "pair of seminal cases." *Dorce*, 2 F.4th at 99–101; *Joseph*, 659 F.3d at 219–21; *see Levin*, 560 U.S. at 431–32.

In *Hibbs*, the Court held that the comity doctrine did not bar a suit brought by "Arizona taxpayers . . . seeking to enjoin on Establishment Clause grounds an Arizona law authorizing income-tax credits for payments to" certain organizations that awarded scholarships to religious schools. *Dorce*, 2 F.4th at 99 (citing *Hibbs*, 542 U.S. at 92–93). In contrast, the *Levin* Court concluded "that comity barred a suit by Ohio natural gas sellers challenging the constitutionality of a state tax credit for public utilities that also [sold] natural gas." *Id.* at 100 (citing *Levin*, 560

U.S. at 417). In *Levin*, the Supreme Court cited to three factors in *Hibbs* to explain why the action in *Hibbs* could proceed: "(1) the legislation at issue [in *Hibbs*] employed classifications subject to heightened scrutiny or impinged on fundamental rights; (2) the [*Hibbs*] plaintiffs were true third parties whose own tax liability was not a relevant factor; and (3) both federal and state courts had access to identical remedies because the [*Hibbs*] claim concerned tax credits and thus was not subject to the constraints of the TIA." *Joseph*, 659 F.3d at 219 (cleaned up); *Dorce*, 2 F.4th at 100; *Levin*, 560 U.S. at 431–32.

Applying these principles to the present case, the second and third factors weigh against exercising jurisdiction. Plaintiff's "own tax liability" is central to his claims—he asserts that his properties were incorrectly assessed, and that as a result, he paid too high an amount—so he is not a "true third party," *Joseph*, 659 F.3d at 219 (cleaned up), who does not "dispute the amount[] owed," *Dorce*, 2 F.4th at 101. Nor is this a case in which "state courts would have no greater leeway than [this Court] to cure the alleged violation." *Id.* at 100–01 (quoting *Levin*, 560 U.S. at 431). Plaintiff here "challenge[s] [an] inequality in the rate or amount of taxation," so he does not seek relief "which federal and state courts [are] equally well suited" to grant. *Id.* at 100; *see also Joseph*, 659 at 220–21 (discussing New York courts' authority to "prevent [the] enforcement of unconstitutional taxes").

To be sure, the first factor arguably weighs in favor of exercising jurisdiction. Plaintiff's due process, equal protection, and takings claims "implicate fundamental constitutional rights more similar to the Establishment Clause claim in *Hibbs* than the economic discrimination claim in *Levin*." *Dorce*, 2 F.4th at 100. Nevertheless, "the other two [*Hibbs* and *Levin*] factors . . . weigh[] heavily against exercising jurisdiction," so the Court declines to do so here. *See Glob. Leadership Found.*, 2023 WL 3144043, at *2, 2023 U.S. App. LEXIS 10402, at *5.

In sum, the Court agrees with Magistrate Judge Stewart that the TIA and comity doctrine bar it from exercising jurisdiction over Plaintiff's Fifth and Fourteenth Amendment claims. It therefore adopts this portion of the Report-Recommendation, supplemented by the above analysis. Because this defect is "substantive," the Court declines to grant leave to amend as to these claims.[1] *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *cf. Yerdon v. Poitras*, 120 F.4th 1150, 1157 (2d Cir. 2024) (per curiam).

### 3. Remaining Claims

Turning to the First Amendment claim, Plaintiff addresses the Report-Recommendation's conclusion that this claim should be dismissed with leave to amend, (Dkt. No. 7, at 8–9), in a portion of his objections titled "[l]eave to [a]mend First Amendment [c]laims." (Dkt. No. 8, at 24–38 (boldface and underlining omitted)). That portion recites factual allegations, some of which were not included in the original complaint, as well as the relief Plaintiff seeks and a Federal Rule of Civil Procedure 11 certification. (*See id.*).

To the extent Plaintiff intends to object to the Report-Recommendation's First Amendment analysis—and even assuming this objection is sufficiently specific to warrant de novo review—the Court agrees with Magistrate Judge Stewart that the complaint's factual allegations, (*see* Dkt. No. 1, at 4, 15, 29), do not state a plausible First Amendment claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). However, the Court also agrees that Plaintiff

---

[1] "[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) (cleaned up). The Supreme Court has explained that the TIA strips federal courts of subject matter jurisdiction, while "the comity doctrine is nonjurisdictional." *See Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 15 (2015). Although under certain circumstances the Court may, consistent with the comity doctrine, dismiss claims barred by that doctrine with prejudice, it declines to do so here. *See Abuzaid*, 726 F.3d at 319–22. The Court has not reached the merits of Plaintiff's constitutional claims, and dismissal with prejudice might risk "interfere[nce] with [the] administration of [New York tax] law." *See id.* at 321–22; *cf. Young v. U.S. Dep't of Just.*, 882 F.2d 633, 644–45 (2d Cir. 1989) (modifying judgment in suit barred by *Colorado River* abstention to be without prejudice). Thus, all of Plaintiff's Fifth and Fourteenth Amendment claims, whether barred by the TIA or comity, are dismissed without prejudice and without leave to amend.

should be afforded an opportunity to file an amended complaint with more specific factual allegations. *See Cuoco*, 222 F.3d at 112. Any amended complaint must set forth the specific facts Plaintiff believes establish that, during the BAR meeting, Johnson or another City official violated his right "to petition the Government for a redress of grievances." U.S. Const. amend. I; *see Jacoby & Meyers, LLP v. Presiding Justs. of the First, Second, Third & Fourth Dep't's, App. Div. of the Sup. Ct. of the State of N.Y.*, 852 F.3d 178, 184–85 (2d Cir. 2017) (discussing the First Amendment's Petition Clause); *Ridgeview Partners, LLC v. Entwhistle*, 227 F. App'x 80, 81–82 (2d Cir. 2007). Thus, Plaintiff should include detailed descriptions of any conduct or procedures that occurred during the meeting which are relevant to his First Amendment claim. To the extent Plaintiff intends this portion of his objections to constitute an amended pleading addressing the deficiencies identified by the Report-Recommendation, the Court will not consider these allegations at this time. Rather, Plaintiff must file an amended complaint in accordance with the instructions set forth below.

     Next, Plaintiff explains that his complaint raised the "IV Amendment" because "per [his] complaint, there are indications . . . that the City of Fulton may try to violate" his Fourth Amendment rights. (*See* Dkt. No. 8, at 3). The Report-Recommendation did not construe the complaint as stating a Fourth Amendment claim. (*See generally* Dkt. No. 7). To the extent Plaintiff objects to this omission, the Court concludes that—in light of Plaintiff's pro se status, *see, e.g.*, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)—the complaint should be construed to assert such a claim. (*See* Dkt. No. 1, at 3, 5–6 (explaining that one of the "[f]ederal [c]onstitutional and [s]tatutory [r]ights that [was] being violated" was his "Fourth Amendment [right to be free from] 'unreasonable searches and seizures.'" (quoting U.S. Const. amend. IV))). But in any event, the complaint's factual allegations, (*see id.*), are insufficient to state a plausible

10

Fourth Amendment claim. *See Iqbal*, 556 U.S. at 678–79. Specifically, they do not allege that the City or any of its officials subjected Plaintiff to a search or seizure, much less an unreasonable one. *See, e.g.*, *Alexander v. City of Syracuse*, 132 F.4th 129, 146–47 (2d Cir. 2025); *Hudson Shore Assocs. Ltd. P'ship v. New York*, 139 F.4th 99, 107–08 (2d Cir. 2025). To the extent Plaintiff wishes to assert a Fourth Amendment claim in this action, he may include any specific factual allegations supporting such a claim in his amended complaint. *Cf. Cuoco*, 222 F.3d at 112.

Finally, Plaintiff objects to Magistrate Judge Stewart's recommendation that, in light of the dismissal of the federal law claims, the Court decline to exercise supplemental jurisdiction over the state law defamation claim. (Dkt. No. 7, at 9–10; Dkt. No. 8, at 3). Upon de novo review, the Court agrees with this recommendation and declines to exercise supplemental jurisdiction over that claim at this time. *See, e.g.*, *Schaefer v. Town of Victor*, 457 F.3d 188, 210 (2d Cir. 2006). However, because the Court will allow Plaintiff to file an amended complaint asserting federal law claims, it will also permit him to include the defamation claim in his amended complaint if he so chooses. *Cf. Long v. Byrne*, 146 F.4th 282, 301 (2d Cir. 2025).

The Court has reviewed the remainder of the Report-Recommendation, as to which there was no specific objection, for clear error and found none. Accordingly, the Court adopts those portions of the Report-Recommendation.

### B.    Instructions for Filing an Amended Complaint

As noted above, the Court will allow Plaintiff an opportunity to file an amended complaint clearly setting forth the specific factual allegations underlying any First Amendment, Fourth Amendment, or state law defamation claims—as well as the parties against whom he asserts those claims—within thirty (30) days from the date of this Order. Any amended complaint will entirely replace the existing complaint and must be a wholly integrated and

complete pleading not combined with any other document. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). It also must not rely upon or incorporate by reference any pleading or document previously filed with the Court, including the existing complaint. Instead, the amended complaint itself must contain all the specific factual allegations Plaintiff wishes the Court to consider in connection with his surviving claims.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 7) is **ADOPTED** in part as set forth above; and it is further

**ORDERED** that each of Plaintiff's official-capacity claims against Johnson and any other City officials are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's Fifth and Fourteenth Amendment claims are **DISMISSED without prejudice** and without leave to amend; and it is further

**ORDERED** that Plaintiff's First and Fourth Amendment claims, as well as his state law defamation claim, are **DISMISSED without prejudice**, and Plaintiff may file an amended complaint asserting those claims, in accordance with the above instructions, within thirty (30) days from the date of this Order; and it is further

**ORDERED** that, if Plaintiff fails to file an amended complaint within 30 days from the date of this Order or to request an extension of time to do so, the Clerk is directed to enter judgment without further order of the Court; and it is further

**ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal at this stage of the proceedings would not be taken in good faith; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 22, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge